CENTRAL RENT-A-CAR & GARAGES, INC., *v.* FRANKLIN MUTUAL INSURANCE COMPANY OF ILLINOIS.

1. EQUITY—AMENDMENT OF BILL AT HEARING—FRAUD—AMPLIFYING ALLEGATIONS.

   In suit to cancel automobile insurance policies and recover premiums because of alleged fraudulent representations that policies were nonassessable and which are alleged to have induced plaintiff to buy such policies, amendment of bill at the hearing to allege insurer's failure to pay losses was permissible, where company had levied assessment and such amendment did not bring a new cause of action but only amplified previous allegations.

2. APPEAL AND ERROR—EQUITY—HEARING DE NOVO—ADMISSION OF INCOMPETENT TESTIMONY.

   On appeal in equity Supreme Court hears case *de novo*, and if the competent proofs establish a plaintiff's right to relief granted in the circuit court, error, if any, in admitting incompetent testimony, is of no decisive moment.

3. INSURANCE—FRAUD—TORTS.

   In an insured's suit to cancel, not reform, automobile insurance policies because of fraud inducing their purchase, the law of torts is applicable.

4. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—INDEPENDENT PARTIES.

   Fact that defendant's local agent who is alleged to have made false representations inducing plaintiff to purchase automobile insurance policies is now dead does not prevent an independent insurance broker who was present when false statements were made from testifying to such fact (3 Comp. Laws 1929, § 14219).

5. INSURANCE—FRAUD—ADEQUACY OF PROTECTION—EVIDENCE—SUBSEQUENT LIQUIDATION OF INSURER.

   In insured's suit to cancel automobile insurance policies on ground that statements it was affiliated with a certain other insurance company and would afford ample protection were false and were intended to induce favorable action on part of plaintiff, evi-

dence of subsequent liquidation proceeding of insurer bore upon question of the falsity, although somewhat weakened by lapse of time.

6. SAME—ADEQUACY OF PROTECTION—FRAUD—NONPAYMENT OF POLICYHOLDERS' LOSSES—EVIDENCE.

In insured's suit to cancel automobile insurance policies and have premiums returned on ground that the insurance was induced by false and fraudulent representations that the policies were adequate protection and nonassessable, fact that between time policies were written and time of trial it was shown other policyholders suffered losses which had not been paid *held,* to involve too many steps necessary to show nonpayment by reason of financial inability of the company to make such testimony of any importance.

Appeal from Ingham; Carr (Leland W.), J.  Submitted October 19, 1939.  (Docket No. 79, Calendar No. 40,766.)  Decided December 20, 1939.

Bill by Central Rent-A-Car & Garages, Inc., a Michigan corporation, against Franklin Mutual Insurance Company of Illinois for cancellation of insurance policies and return of premiums paid. Answer filed by Ernest Palmer, Director of Insurance of State of Illinois, as Rehabilitator of the Franklin Mutual Insurance Company.  From decree rendered, defendant appeals.  Affirmed.

*John Wendell Bird,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant.

WIEST, J.  Plaintiff owned and let for hire automobiles and trucks and held policies of insurance issued by defendant in October, 1936, and May and October, 1937, and, after paying premiums for a time and upon receiving notice of assessment liability as a member of a mutual insurance company, filed the bill herein to have the policies canceled and

the premiums paid returned on the ground that the insurance was induced by the false and fraudulent representations that the policies were adequate protection and nonassessable because of the company affiliation with Lloyds Insurance Company of London. Defendant is an Illinois corporation and, at the time the policies were issued, was authorized to do business in the State of Michigan.

At the time this suit was commenced, liquidation proceedings involving defendant were pending in an Illinois court in which there had been entered an order restraining creditors and others from bringing actions or obtaining judgments. Upon application the circuit court authorized the director of insurance for the State of Illinois, as liquidator of defendant company, to appear in this suit in behalf of defendant. The answer of the liquidator admitted there was no affiliation of defendant with the Lloyds Company, but joined issue upon the other facts. Upon hearing in open court the circuit judge found the fraudulent representations were made as alleged and, by decree, canceled the policies and freed plaintiff from all liability but, on account of the restraining order of the Illinois court, did not decree recovery of premiums paid. Appeal is by defendant.

The amendment to the bill, granted at the hearing, relative to alleged failure of defendant to pay losses, did not bring a new cause of action but only amplified previous allegations and was permissible.

Defendant rested at the close of plaintiff's proofs and contends that the court was in error in admitting, over objection, incompetent testimony. This being an appeal in equity we hear the case *de novo* and, if the competent proofs establish plaintiff's right to the relief granted in the circuit court, the error, if any, in admitting incompetent testimony is of

no decisive moment. The competent evidence established the alleged representations. However, counsel for defendant contends they did not constitute fraud and the representation relative to nonassessability was to the contrary in the policies and, therefore, merged therein.

This is not a suit to reform the policies but to cancel for fraud operating in making the contract at all and the law of torts applies.

Death of defendant's local agent, who made the representations, has not closed the mouth of plaintiff's witness, J. J. Richards, an independent insurance broker, who had the president of plaintiff corporation in tow for insurance in some company and piloted him to the office of defendant's local agent to have him assured of the inducements offered by that company and heard the agent make the false representations.[*]

The defendant was not affiliated with Lloyds and the statement that it was was intended to induce favorable action, and the subsequent liquidation proceeding was not wholly without bearing upon the question of the falsity, in fact, of the representation made that the policies would afford adequate protection, although somewhat weakened by lapse of time.

The fact that in the interim other policyholders suffering losses had not been paid involves too many steps necessary to show nonpayment by reason of financial inability of the company to make such testimony of any importance.

The decree is affirmed, with costs to plaintiff.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.

[*] See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—Reporter.